UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>ANSWAR D. ROLLINS,<br><br>    Defendant. | Case No. 06-cr-40063-JPG-004 |

## MEMORANDUM AND ORDER

This matter comes before the Court on the defendant's motion for a reduction of his criminal sentence following the retroactive application of the Fair Sentencing Act of 2010, Pub. L. 111-220; §§ 2-3, 124 Stat. 2372, 2372 (2010), as set forth in the First Step Act of 2018, Pub. L. No. 115-391, § 404, 132 Stat. 5194, 5222 (2018) (Doc. 542).  The Government has responded to the motion (Doc. 547), and the defendant has replied to that response (Doc. 548).

The defendant pled guilty to one count of conspiracy to distribute and possess with intent to distribute more than 50 grams of crack cocaine in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(A) (Count 1), and one count of possession with intent to distribute less than 5 grams of crack cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C) (Count 2).  The Court sentenced the defendant on Count 1 under the statutory sentencing range set forth in 21 U.S.C. §§ 841(b)(1)(A) and 851[1]—20 years to life in prison—and on Count 2 under the range set forth in 21 U.S.C. §§ 841(b)(1)(C) and 851—no more than 30 years in prison.  The § 851 information was based on a prior Illinois cocaine conviction.  The Court adopted the

---

[1] The information under 21 U.S.C. § 851 alleges only one prior conviction (Doc. 48).  An earlier information alleging two prior convictions (Doc. 82) was withdrawn by the Government at Rollins's guilty plea hearing.

presentence investigation report's relevant conduct finding of approximately 241 grams crack cocaine, *see* PSR ¶ 21, which under U.S.S.G. § 2D1.1 (2007) yielded a base offense level of 32. His offense level was increased by 2 points under U.S.S.G. § 2D1.1(b)(1) because he possessed a dangerous weapon and was decreased by 2 points under U.S.S.G. § 3E1.1(a) because he accepted responsibility for his crime. This established a total offense level of 32 which, considering the defendant's criminal history category of I, yielded a sentencing range of 121 to 151 months in prison, but the statutory minimum sentence for Count 1 raised the effective guideline range for that count to 240 months. *See* U.S.S.G. § 5G1.1(c)(2). The Court imposed a sentence of 240 months in prison and 10 years of supervised release on Count 1, and 121 months in prison and 6 years of supervised release on Count 2, each similar type of term to run concurrently. In 2015, the Court reduced Rollins's sentence to 103 months pursuant to retroactive U.S.S.G. Amendment 782.

Rollins began serving his term of supervised release on October 30, 2015. After he resumed drug activities (diversifying his portfolio to include methamphetamine), on July 18, 2018, the Court revoked his supervised release and sentenced him to serve 24 more months in prison followed by 10 years of supervised release. The revocation was coordinated with Rollins's guilty plea to two new charges in *United States v. Rollins*, No. 17-cr-40064-JPG, based on the same conduct, for which he received a sentence of 151 months followed by 5 years and 3 years of supervised release, respectively. The sentences of imprisonment were to run consecutively[2], but the supervised release terms were to run concurrently. Thus, when Rollins

---

[2] It is unclear from the written judgments which sentence is to run first. The written judgment in each case states that the sentence in that case is to run consecutive to the sentence in the other case.

has finished serving both sentence of imprisonment, he will begin serving 10 years on supervised release.

The defendant now asks the Court to reduce his term of supervised release in light of § 404 of the First Step Act.[3]  Section 404 allows the Court to reduce a defendant's sentence for a crack cocaine offense, but only if the Court had imposed that sentence before another statute—the Fair Sentencing Act—modified the statutory sentencing range for that crack cocaine offense. First Step Act, § 404(b).  In essence, the First Step Act retroactively applies the Fair Sentencing Act's lower statutory sentencing ranges and allows the Court to bring past sentences into line with the lower ranges.  The authority to reduce a sentence applies only to (1) federal offenses (2) committed before August 3, 2010, the effective date of the Fair Sentencing Act, (3) for which the Fair Sentencing Act changed the statutory penalty range, *i.e.*, certain crack cocaine offenses.

---

[3] Section 404 of the First Step Act provides in full:

> (a) DEFINITION OF COVERED OFFENSE.—In this section, the term "covered offense" means a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 (Public Law 111–220; 124 Stat. 2372), that was committed before August 3, 2010.
>
> (b) DEFENDANTS PREVIOUSLY SENTENCED.—A court that imposed a sentence for a covered offense may, on motion of the defendant, the Director of the Bureau of Prisons, the attorney for the Government, or the court, impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 (Public Law 111–220; 124 Stat. 2372) were in effect at the time the covered offense was committed.
>
> (c) LIMITATIONS.—No court shall entertain a motion made under this section to reduce a sentence if the sentence was previously imposed or previously reduced in accordance with the amendments made by sections 2 and 3 of the Fair Sentencing Act of 2010 (Public Law 111–220; 124 Stat. 2372) or if a previous motion made under this section to reduce the sentence was, after the date of enactment of this Act, denied after a complete review of the motion on the merits. Nothing in this section shall be construed to require a court to reduce any sentence pursuant to this section.

*See* First Step Act, § 404(a).   Whether to reduce a sentence is at the discretion of the Court and is not required by the First Step Act.   First Step Act, § 404(c).   In sum, the Court now may, but is not required to, reduce a defendant's sentence if the defendant was sentenced under a statutory penalty provision that was changed by the Fair Sentencing Act.   *See United States v. Shaw*, 957 F.3d 734, 739 (7th Cir. 2020) (holding that the statute of conviction alone determines whether the Fair Sentencing Act modified a penalty).   Where another non-covered offense is part of an aggregate sentencing package dependent on a covered offense, the Court may reduce that component of the package as well.   *United States v. Hudson*, 967 F.3d 605, 612 (7th Cir. 2020).

      The Court turns to the specifics of the defendant's case.   The parties agree that the defendant is eligible for a sentence reduction of his term of supervised release in this case under the First Step Act.   *See United States v. Sutton*, 962 F.3d 979, 982-83 (7th Cir. 2020) (acknowledging "the First Step Act permits the district court to reduce [a] term of supervised release, because § 404(b) refers to imposing a reduced *sentence* and not just a term of imprisonment").   His convictions are the type of convictions covered by § 404 of the First Step Act.   He committed the federal offenses before August 3, 2010, and the Fair Sentencing Act modified the statutory sentencing range set forth in 21 U.S.C. § 841(b)(1)(A)(iii), *Terry v. United States*, 141 S. Ct. 1858, 1863 (2021), under which he was sentenced on Count 1.   The sentence on Count 2 was part of the same aggregate sentencing package, so it may be reduced as well. *See Hudson*, 967 F.3d at 612.   Because the Fair Sentencing Act modified the penalties for the statute under which the defendant was sentenced, his offenses qualify as covered offenses under the First Step Act.   *See Shaw*, 957 F.3d at 739.   Thus, the defendant is eligible for reduction under the First Step Act, subject to the Court's discretion.

      Rollins asks for a reduction in his supervised release sentence from 10 years to 4 years on

Count 1 and to 3 years on Count 2.  In support of a reduction of this magnitude, he asks the Court to consider that the § 851 information used to justify the enhanced statutory penalty ranges in 21 U.S.C. § 841(b)(1) would no longer be valid under current law applying the categorical approach to prior violent or drug felonies.  He therefore urges the Court to resentence him now as if his statutory ranges were 5 to 40 years in prison and no less than 4 years of supervised release on Count 1, and no more than 20 years in prison and no less than 3 years of supervised release on Count 2, the ranges that would apply today to the offenses as charged without a recidivism enhancement.  He also notes that he is 34 years old, has been in prison for almost 15 years, and has had only two disciplinary violations, both nonviolent.  He admits that in 2015 he was convicted of a misdemeanor of possessing a cell phone in prison, which earned him a sentence of 4 months.  He has earned his GED, has had 105 additional hours of educational programming, drug education, and drug treatment, and is awaiting participation in RDAP  He has maintained employment in prison.  He argues that his positive behavior in prison shows his current 10-year term of supervised release is no longer necessary to serve the purposes of sentencing.

On the other hand, while the Government concedes Rollins is eligible for a reduction of his supervised release term, it urges the Court to reduce Rollins's term of supervised release only to what it would have been under the Fair Sentencing Act *but still with the recidivism enhancement*—that is, 8 years on Count 1 and 6 years on Count 2.  It maintains the Court is not required to ignore the § 851 enhancement in ruling on this motion.

As a preliminary matter, the Court declines to conduct a plenary resentencing hearing as such a proceeding is not required by the First Step Act.  *United States v. Hegwood*, 934 F.3d 414, 418 (5th Cir.), *cert. denied*, 140 S. Ct. 285 (2019); *see United States v. Corner*, 967 F.3d

662, 665 (7th Cir. 2020) (*per curiam*; "Courts generally agree that plenary sentencing is not required. . . ."); *United States v. Cooper*, 803 F. App'x 33, 35 (7th Cir. 2020) (declining to find plain error in not holding plenary resentencing hearing, noting that "nothing in § 404 plainly requires the district court to hold any sort of hearing at all").  Furthermore, to the extent the Court might have discretion to hold a hearing, it declines to do so as the arguments are already well-articulated in the record.

As recommended by the United States Court of Appeals for the Seventh Circuit in *Shaw*, 957 F.3d at 734, 741-42, the Court considers the defendant's pre-sentence and post-sentence conduct, including but not limited to the relevant factors in 18 U.S.C. § 3553(a), in deciding how to exercise its discretion in response to the defendant's request.  Also, although it is not bound to give any reduction based on current statutes, guidelines, or sentencing law, the Court may consider those factors in its exercise of discretion.  *United States v. Fowowe*, 1 F.4th 522, 524 (7th Cir. 2021) ("We hold that § 404(b) authorizes but does not require district courts to apply an intervening judicial decision in evaluating First Step Act motions."); *Corner*, 967 F.3d at 665; *Hudson*, 967 F.3d at 612 (citing *Shaw*, 957 F.3d at 741-42).  The Court agrees with the Government that it is not required to disregard the recidivism enhancement if it would not be warranted for Rollins had he been sentenced today, but it agrees with Rollins that it is a factor the Court may consider in the exercise of its discretion.

The Court begins by setting out the supervised release sentencing ranges relevant to the pending motion.  At sentencing, the Court applied the following supervised release ranges:

- Count 1:  no less than 10 years under 21 U.S.C. §§ 841(b)(1)(A) and 851 (2007); and
- Count 2:  no less than 6 years under 21 U.S.C. §§ 841(b)(1)(C) and 851 (2007).

These ranges were also used as the supervised release ranges imposed at the revocation hearing.

Considering only the modifications of 21 U.S.C. § 841(b)(1) by the Fair Sentencing Act, the following supervised release ranges would apply to Rollins now:

- Count 1:   no less than 8 years under 21 U.S.C. §§ 841(b)(1)(B) and 851 (2021); and
- Count 2:   no less than 6 years under 21 U.S.C. §§ 841(b)(1)(C) and 851 (2021).

And had the § 851 information not alleged a prior conviction sufficient to qualify for the enhanced statutory ranges, the following supervised release ranges would apply to Rollins now:

- Count 1:   no less than 4 years under 21 U.S.C. § 841(b)(1)(A) (2021); and
- Count 2:   no less than 3 years under 21 U.S.C. § 841(b)(1)(C) (2021).

The Court makes no definitive decision whether Rollins's prior conviction asserted in the § 851 information would warrant the enhanced ranges, but it appears there is a reasonable possibility it would not.   The prior conviction used to justify the enhanced sentencing range was an Illinois conviction for unlawful possession of a controlled substance (Doc. 48).   The PSR reveals that the controlled substance was crack cocaine.   PSR ¶ 41.   But in *United States v. Ruth*, 966 F.3d 642 (7th Cir. 2020), *cert. denied*, 141 S. Ct. 1239 (2021), the Seventh Circuit called into question whether Illinois crack cocaine offenses could triggers enhanced sentencing ranges.   *Id.* at 650.   This is because, under the categorical approach, the Illinois definition of "cocaine" is broader than the federal definition of "cocaine."   *Id.* at 647-48.   The Court notes that the Government does not dispute Rollins's assertion that the enhanced sentencing ranges would not apply if Rollins were sentenced today.   So the Court assumes they would not and that, if Rollins were sentenced for the same crimes today, his supervised release ranges would be no more than 4 years on Count 1 and no more than 3 years on Count 2.   The Court notes again, though, that it is not obligated to reduce Rollins's supervised release terms at all, much less to the statutory minimum to which he would have been subject were he sentenced today.   Those limits are just that—*minimum sentences*—which still allow for a 10-year term of supervised

release.

The Court now looks to the § 3553(a) factors. The Court's explanation of those factors at sentencing and at the revocation hearing remains valid. The Court further notes with skepticism Rollins's touting of his good behavior in prison. It is true that he has made noteworthy accomplishments toward education and employment, and he has had few disciplinary violations. However, this relatively good behavior is overshadowed by the *crime* he committed in prison and the *crime* he committed on supervised release. The Court does not believe Rollins has demonstrated that he has learned respect for the law, that he appreciates the gravity of his offenses, or that he is not a danger to the community. In fact, his history of crimes both before and after his conviction in this case shows that he still warrants careful watching, especially when he is eventually released from prison again.

Nevertheless, the Court understands that Rollins is not scheduled to be released until April 2027, at which point he will begin serving his terms of supervised release in both of his cases. Other than his terms in this case, the longest of those terms is 5 years, which was imposed on Count 1 in Case No. 17-cr-40064. The Court believes that this 5-year term—which may not end until 2033—is sufficient to provide the supervision necessary to protect the community from Rollins's future crimes and get him on track to be a productive citizen. Further, it is confident that if Rollins has not developed an adequate respect for the law by the time he is released, it will become apparent fairly quickly, and the Government will again move to revoke his supervised release. For these reasons, the Court finds that a reduction of Rollins's supervised release in this case is warranted—to a 4-year term of supervised release on Count 1 and to a 3-year term of supervised release on Count 2.

Accordingly, the Court **GRANTS** the defendant's motion for a sentence reduction

pursuant to the First Step Act's retroactive application of the Fair Sentencing Act (Doc. 542) as described above.   The Court will enter a separate order for a reduction of sentence in its standard form.

**IT IS SO ORDERED.**
**DATED:   August 31, 2021**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**
