UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | Case No. 06-cr-40063-JPG |
| ANSWAR ROLLINS, | |
| Defendant. | |

## MEMORANDUM AND ORDER

The Court is unclear as to what kind of motion Defendant Answar D. Rollins is filing and in which case he is filing his motion in. His first sentence states "I am writing you in regards to the First Step Act." He next states that "if you apply your same opinion that you did in the 2006 case to the 2017 case you will see that said reduction is warranted. If I were to be sentenced today the 851 would not be applied, therefore shortening the guidelines in which my revocation was based." In his last paragraph, Defendant states "I'm not sure if the first step act is the proper motion or compassionate release, if you could appoint counsel to help me please and use this letter as body for said motion."

If Defendant intended to file a Motion for Compassionate Release under Section 603 of the First Step Act, codified at 18 U.S.C. § 3582(c)(1)(A). first, a defendant must either (1) "fully exhaust[] all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf," or (2) wait "30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier."  One of the factors the Court considers when deciding whether to appoint counsel is whether it appears the defendant has satisfied this requirement. Defendant has not provided any evidence of exhaustion.

Defendant may be seeking a reduction of his criminal sentence following the retroactive

1

application of the Fair Sentencing Act of 2010, Pub. L. 111-220; §§ 2-3, 124 Stat. 2372, 2372 (2010), as set forth in the First Step Act of 2018, Pub. L. No. 115-391, § 404, 132 Stat. 5194, 5222 (2018). Specifically, he makes mention of § 404 of the First Step Act. Section 404 allows the Court to reduce a defendant's sentence for a crack cocaine offense, but only if the Court had imposed that sentence before another statute—the Fair Sentencing Act—modified the statutory sentencing range for that crack cocaine offense. First Step Act, § 404(b). The authority to reduce a sentence applies only to (1) federal offenses (2) committed before August 3, 2010, the effective date of the Fair Sentencing Act, (3) for which the Fair Sentencing Act changed the statutory penalty range, i.e., certain crack cocaine offenses. See First Step Act, § 404(a). The defendant's convictions in his 2017 case, conspiracy to distribute methamphetamine and one count distribution of methamphetamine are not the type of convictions covered by § 404 of the First Step Act.

      In Defendant's previous case in this district, Case No. 06-cr-40063-JPG-004, defendant pled guilty to one count of conspiracy to distribute and possess with intent to distribute more than 50 grams of crack cocaine in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(A) (Count 1), and one count of possession with intent to distribute less than 5 grams of crack cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C) (Count 2). In August 2021, the Court reduced Defendant's sentence and his term of supervised release from ten years to four years (Doc. 560, Case No. 06-cr-40063). Additionally, no § 851 enhancement was applied in his 2017 case. In Defendant's 2006 case, his § 851 enhancement was considered by the Court and the Court assumed "the enhanced sentencing ranges would not apply if Rollins were sentenced today" and "if Rollins were sentenced for the same crimes today, his supervised release ranges would be no more than 4 years on Count 1 and no more than 3 years on Count 2." *See*

*Memorandum and Order Reducing Sentence*, Doc. 559, Case No. 06-cr-40063).

Before determining whether to appoint counsel, Defendant must provide clarity as to the relief Defendant seeks. First, in which case is Defendant seeking relief? The Court will give Defendant 30 days to provide additional information to the Court. Additionally, Defendant must provide clarification as to what type of motion and relief he is seeking.

Regarding appointment of counsel, the Court notes that Criminal Justice Act, 18 U.S.C. 3006A, does not permit such appointments. *U.S. v. Foster*, 706 F.3d 887, 888 (7th Cir. 2013) but the Court may invite the federal public defender's office to enter voluntarily. However, before doing so, Defendant must clarify what relief he seeks and in which case he seeks that relief. The Court notes that federal judges are not required and are under no duty to advise pro se litigants, as such a requirement would undermine district judges' role as impartial decisionmakers. *McKaskle v. Wiggins*, 465 U.S. 168, 183–184, 104 S.Ct. 944, 79 L.Ed.2d 122 (1984).

The Court hereby:

- **ORDERS** that Defendant has until May 1, 2022 (30 days from entry of this Order) to provide the Court the following information: what relief Defendant is seeking, what case number he is seeking relief in, and what kind of motion he intends to file.

- **DIRECTS** the Clerk to send Defendant copies of Doc. 39 in Case No. 17-cr-40064 and Doc. 559 in Case No. 6-cr-40063.

**IT IS SO ORDERED.**
**Dated: April 1, 2022**

/s/ J. Phil Gilbert
J. PHIL GILBERT
DISTRICT JUDGE